UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEPHANIE DUNCAN, on behalf of herself and others similarly-situated, | ) ) ) ) | COLLECTIVE ACTION – FAIR LABOR STANDARDS ACT |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO: 1:20-cv-2156 |
| K & A DESIGN GROUP, KELLY HEARON, and ALMA BALDWIN, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

1. Plaintiff, Stephanie Duncan ("Duncan"), on behalf of herself and others similarly-situated (hereinafter collectively referred to as "Plaintiffs," unless otherwise identified), bring this cause of action against Defendants, K & A Design Group, Kelly Hearon ("Hearon"), and Alma Baldwin ("Baldwin") (hereinafter collectively referred to as "Plaintiffs," unless otherwise identified), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and § 251 et. seq.

## PARTIES

2. Duncan has resided within the Southern District of Indiana at all relevant times.

3. K & A Design Group has been a business operating in the Southern District of Indiana at all relevant times.

4. Hearon is a part owner of K & A Design Group and has worked in the Southern District of Indiana at all relevant times.

5. Baldwin is a part owner of K & A Design Group and has worked in the Southern District of Indiana at all relevant times.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 and 29 U.S.C. §216(b).

7. Plaintiffs are former and current employees of Defendants who have worked as Stylists and are/were "employees" within the meaning of 29 U.S.C. §203(e).

8. Defendants are "employers" within the meaning of 29 U.S.C. §203(d).

9. At all times relevant to this action, K & A Design Group has been an enterprise within the meaning of 29 U.S.C. § 203.

10. At all relevant times, K & A Design Group has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in, or produced for, commerce by any person and in that enterprise has had an annual gross volume of sales made or business done of not less than $500,000.

11. Duncan brings this action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and other similarly-situated Stylists who have been employed by Defendants during the applicable statutory period. (See Consent Form attached as Exhibit A.)

12. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

13. Defendants hired Duncan to work as a Stylist in or about May 2017, which position she held until Defendants fired her in or about October 2018.

14. Defendants have employed other Stylists since August 17, 2017.

15.     Duncan and the Stylists have performed the same or substantially similar type of work on Defendants' behalf.

16.     Defendants exercised sufficient control over Duncan and the Stylists for them to be considered employees of Defendants under the FLSA, including, but not limited to, Defendants retained the right to control inventory and inventory pricing; mandated by written policy that Stylists attend mandatory meetings the third Monday of each month while being permitted to miss only two per year; provided training to the Stylists at the mandatory meetings; retained the right to control financial transactions (recording services and paying every two weeks); required the Stylists to provide personal information to Defendants; required the Stylists to provide the personal information of their customers, including addresses, telephone numbers, and chemical formulas and perm information, to Defendants; required the Stylists to pay into group liability insurance exclusively selected by Defendants; assigned call-ins and walk-ins to the Stylists; required Stylists to use Defendants' design and logo on their business cards; retained the right to change the Stylists' methods and to direct them to the extent necessary to protect their financial investment and business reputation; required the Stylists to sell Defendants' exclusive products; paid commissions to the Stylists for selling Defendants' products; required that all complaints and problems be resolved by Defendants; and integrated the Stylists' services into their business operations. The Stylists' work and services were a necessary and integral part of Defendants' business.

17.     Defendants required that Duncan create and/or maintain their Facebook advertising platform. The Facebook platform advertised Defendants' business on behalf of them and the Stylists.

18.     Duncan and the Stylists marketed and sold Defendants' exclusive Redken products,

which were distributed and delivered to Defendants and the Stylists across state lines.

19. Defendants misclassified Duncan as an independent contractor.

20. Defendants misclassified other Stylists as independent contractors.

21. Duncan routinely and regularly worked 40 or more hours per week.

22. Other Stylists routinely and regularly worked 40 or more hours per week.

23. Defendants did not pay minimum wages to Duncan for all hours worked by her.

24. Defendants did not pay minimum wages to other Stylists for all hours worked by them.

25. Defendants did not pay overtime wages to Duncan for all hours worked by her beyond 40 per week.

26. Defendants did not pay overtime wages to other Stylists for all hours worked by them beyond 40 per week.

27. The work hours spent by Duncan constituted work performed for Defendants and served as a measurable benefit to Defendants.

28. The work hours spent by other Stylists have constituted work performed for Defendants and have served as a measurable benefit to Defendants.

29. Duncan has suffered damages as a result of Defendants' unlawful conduct.

30. Other Stylists have suffered damages as a result of Defendants' unlawful conduct.

31. In or about early October 2018, Duncan complained to at least one coworker that Defendants had misclassified them as independent contractors, instead of employees.

32. Defendants learned about Duncan's protected complaint and then fired her a few days later in or about October 2018.

33. Duncan filed a complaint with the Internal Revenue Service alleging that Defendants had misclassified her as an independent contract and had not treated her as an employee.

34. The Internal Revenue Service determined as follows: "We conclude that the firm had the right to exercise direction and control over the worker to the degree necessary to establish that the worker was a common law employee, and not an independent contractor operating a trade or business."

## FAIR LABOR STANDARDS ACT

35. Plaintiffs hereby incorporate paragraphs 1-34 of their Complaint.

36. Defendants have failed to compensate Plaintiffs, including Duncan, for all minimum and overtime wages earned by them.

37. Plaintiffs have suffered injury as a result of Defendants' unlawful conduct.

38. Defendant's actions have been intentional, willful, and in reckless disregard of Plaintiffs' rights as protected by the FLSA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, by counsel, respectfully request that this Court find for them and:

1. Manage and oversee the class of Stylists who wish to opt into this collective action so as to assure that joinder of these individuals is accomplished in an efficient and proper way, including, but not limited to, ordering Defendant to produce a list of names, addresses, locations of employment, employee numbers, and dates of employment of individuals employed as Service Technicians at any time during the preceding three (3) years and authorizing Stephanie Duncan to send notices to Stylists to notify them of this action and of their rights;

    2.      Order that Defendants pay to Plaintiffs all unpaid overtime wages;

    3.      Order that Defendants pay to Plaintiffs all unpaid minimum wages;

    4.      Order that Defendants pay to Plaintiffs liquidated damages on all unpaid minimum and overtime wages;

    5.      Order that Defendants pay to Plaintiffs pre- and post-judgment interest;

    6.      Order that Defendants pay Plaintiffs' costs and attorneys' fees incurred in litigating this action; and

    7.      Order that Defendants provide to Plaintiffs any and all other legal and/or equitable relief that this Court sees fit to grant.

                                    Respectfully submitted,

                                    John H. Haskin, Attorney No. 7576-49
                                  Bradley L. Wilson, Attorney No. 21154-49
                                  Shannon L. Melton, Attorney No. 29380-49

                                  Attorneys for Plaintiffs

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:    (317)955-2570
Email:         jhaskin@jhaskinlaw.com
                bwilson@jhaskinlaw.com
                smelton@jhaskinlaw.com